UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KIMBERLY BARNES, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO. 3:07-CV-297 CAN |
| LAPORTE COUNTY, *et al.*, | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

On July 25, 2008, Defendants, LaPorte County, Indiana and Theresa Shuter ("the County"), filed a motion for summary judgment. On July 29, 2008, Plaintiff, Kimberly Barnes ("Barnes"), also filed a motion for summary judgment. On August 21, 2008, the County filed a response in opposition. On August 27, 2008, Barnes also filed a response in opposition. On August 29, 2008, Barnes filed a reply. On September 10, 2008, the County filed a reply.

**I.   PROCEDURE**

On June 27, 2007, Barnes filed her complaint in this Court against the County. Barnes claims that the County inappropriately terminated her employment in violation of the Family Medical Leave Act (FMLA). The County responds that Barnes was terminated for failing to abide by the County's leave policies. This Court may rule on this motion pursuant to the parties' consent and 28 U.S.C. § 636(c).

**II.   RELEVANT BACKGROUND**

On February 12, 2007, Barnes' doctor prescribed sleeping pills to treat Barnes' complaints of stress and insomnia. On March 16, 2007, Barnes sent a facsimile and doctor's note to the County, which stated that she would need a medical absence through April 2, 2007.

Barnes' supervisor, Teresa Shuter ("Shuter"), sent Barnes a letter which included an FMLA leave-request form. The letter informed Barnes that her time off would be unpaid until the FMLA leave was verified. Further, the letter warned Barnes that she would be subject to the County's attendance policies if her leave was determined to be not FMLA qualifying.

On March 27, 2007, Barnes sent a completed WH-380 form to Shuter, which confirmed Barnes' need to be off from work through April 2, 2007 and specified that she was suffering from stress and insomnia. On March 28, 2007, Shuter required Barnes to obtain a second medical opinion and scheduled an appointment on Barnes' behalf. Barnes, however, did not attend the appointment. Instead, on April 2, 2007, Barnes submitted another doctor's note, requesting further medical leave. On April 12, 2007, Shuter sent a letter to Barnes, terminating Barnes' employment with the County, due to Barnes' "continued absence from work . . . without approval or excuse."

## III. ANALYSIS

### A. Standard of Review

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion

for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Serv.s Co., 391 U.S. 253, 289 (1968)).

B.  Family and Medical Leave Act of 1993

The Family and Medical Leave Act of 1993 ("FMLA" or "the Act") establishes both prescriptive and proscriptive protections for eligible employees. The prescriptive category of protections ensures the availability of the FMLA's substantive statutory rights, making it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided. 29 U.S.C. § 2615(a)(1). The proscriptive category of protections does not ensure substantive rights, but instead, protects employees from retaliation, making it unlawful for employers to discriminate against eligible employees who have exercised their rights under the FMLA. 29 U.S.C. § 2615(a)(2).

Barnes alleges that the County violated both provisions. The County contends that Barnes did not seek FMLA protections, failed to comply with the Act's requirement to submit to a second medical opinion, and violated the County's attendance policies and procedures.

C.  Factual Issues Remain Pending Which Preclude Summary Judgment

Having reviewed the motions proffered by both parties, it is clear that several issues of fact remain pending in this case, any one of which preclude an entry of summary judgment. Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). Because the following factual issues remain contested, this Court **DENIES** the County's motion for summary judgment, [Doc. No. 27], and **DENIES** Barnes' motion for summary judgment. [Doc. No. 30]. The following issues are more properly resolved by the trier of fact at the scheduled bench trial, beginning on December 2, 2008.

1. <u>Was Barnes' Leave FMLA Qualifying?</u>
2. <u>Did the County Interfere with Barnes' FMLA Substantive Rights?</u>
3. <u>Did the County Improperly Require a Second Medical Appointment?</u>
4. <u>Did Barnes Inexcusably Fail to Attend The Second Medical Appointment?</u>
5. <u>Did the County Terminate Barnes Because of Her Exercise of FMLA Leave?</u>

**IV. CONCLUSION**

For the aforementioned reason, the Court **DENIES** the County's motion for summary judgment, [Doc. No. 27], and **DENIES** Barnes' motion for summary judgment, as to all other claims. [Doc. No. 30].

    **SO ORDERED.**

Dated this 19th Day of November, 2008.

    S/Christopher A. Nuechterlein
    Christopher A. Nuechterlein
    United States Magistrate Judge